## YALE LOCK MANUFACTURING COMPANY v. GREENLEAF.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued March 16, 1886.—Decided March 29, 1886.

The scope of letters patent must be limited to the invention covered by the claim; the claim may be illustrated, but it cannot be enlarged by language used in other parts of the specification.

The change made by George Rosner in the devices used in previous combinations for the purposes described in his application for a patent in September, 1860, were such as would occur to an unskilled mechanic, and were not inventions within the meaning of the patent laws.

The first claim in the patent 30092, September 18, 1860, Reissue 4488, July 25, 1871, granted to George Rosner, was anticipated by the application and specification of D. H. Rickards filed March 13, 1852, and by locks manufactured by Evans & Watson in 1853.

This was a bill in equity brought by the appellee, Halbert S. Greenleaf, to restrain the infringement by the appellant, the Yale Lock Manufacturing Company, of the first and fourth claims of the reissued letters patent granted to George Rosner, July 25, 1871, for an "improvement in permutation locks." The original patent bore date September 18, 1860.

The defence was that the alleged invention and substantial and material parts thereof claimed as new, were, prior to any invention thereof by said George Rosner, known and publicly used by divers persons in this country, and that among such persons were D. H. Rickards, of Boston, and the firm of Evans & Watson, of Philadelphia.

The Circuit Court decided that the patent was valid, and that the defendant had infringed, and, upon the report of a master of the damages sustained by the plaintiff, rendered a decree in his favor for $2968.50. The present appeal brings that decree under review.

*Mr. Frederic H. Betts* for appellant.

*Mr. George Ticknor Curtis* and *Mr. Edmund Wetmore* for appellee.

Mr. JUSTICE WOODS delivered the opinion of the court.

It is conceded that the damages for which the court rendered its decree were allowed for the infringement of the first claim only of the Rosner patent, which, therefore, is alone to be considered upon this appeal.

The invention covered by this claim was described as follows in the specification:

"This invention consists in combining with a set of permu-

tation wheels or tumblers, constructed each of a rim and center, an arrangement of bolts or equivalent devices, which fasten and unfasten said rims and centers by the use of a key inserted through holes in the cams in the wheels, by which said bolts or equivalent devices are operated, the effect being to enable the relative position of the rims and centers to be changed so as to make a new combination, by moving the driving pins to different positions relatively to the slots in the wheels.  It further consists in the arrangement of parts as hereinafter described.

&ast;            &ast;            &ast;            &ast;            &ast;

"Prior to my invention, in order to change the combination, where a single set of wheels only was used, made up each of a center hub and rim, the wheels had to be removed from the lock and adjusted by hand and then replaced.

"I obviate this difficulty by the following arrangement: Opposite the center or hub $q$ of each wheel, and located in the outer rim, I place a locking device or bolt, $r$, which, when forced in against the said center or hub, holds the same firmly in place with the outer rim; but, when thrown out, disengages said parts and allows the centers to turn free while the rims remain stationary.  Against the locking device or bolt $r$ rests a cam or eccentric, $s$.  Through each or all of these cams, and also through the back plate of the lock, is inserted a key $P$, Fig. 6, by turning which it will be seen that said locking or fastening device may be forced in or drawn out at pleasure.  When the key is inserted and the fastening device thrown back, it will be seen that the rims of the wheels are held stationary by the key, while the centers may be turned to any different position by the spindle, thus setting the lock to a new combination.

&ast;            &ast;            &ast;            &ast;            &ast;

"The novelty in the first part of my invention consists in the combination of the fastening devices $r$ with the wheels, constructed of three parts each, an outer rim and a center or hub composed of two parts, secured together so that by inserting the key the parts composing the wheels may be loosened and the outer rims held stationary, while the centers or hubs are turned to a different position by the action of the spindle, to rearrange the combination, and then the parts locked in place

again, and all accomplished without removing the wheels them-- selves from the lock.    In all prior locks with a single set of wheels (each wheel made up of a rim and center hub), so far as I am aware, the wheels had to be removed from the lock and the combination changed by hand.

\*        \*        \*        \*        \*

" What I claim, and desire to secure by letters-patent, is—

" 1. In a permutation lock, in combination with a set of wheels consisting each of an outer ring or rim and a central disc or hub, a set of fastening devices or bolts, *r r*, which is made to fasten or unfasten said parts composing the wheels, by the insertion of a key through each or all of the wheels, whereby the combination of the lock may be changed, substantially as herein specified."

The testimony showed that on the 13th of March, 1852, the D. H. Rickards named in the answer of the defendant, filed in the Patent Office an application for a patent for an improvement in locks, which was either rejected or withdrawn, and that locks made substantially in accordance with the description contained in Rickards' specification were manufactured and sold by Evans & Watson, safe-makers, of Philadelphia as early as the year 1853.    A copy of the application of Rickards is found in the record, and one of the locks made by Evans & Watson in 1853 was produced as an exhibit upon the trial in this court.

A comparison of the specification and model of the plaintiff's patent with the application of Rickards and the lock made by Evans & Watson shows that the device of Rickards and the lock of Evans & Watson were an anticipation of the invention covered by the first claim of the plaintiff's patent.

It is clear from the statement in the specification of Rosner's patent that he believed that prior to his invention it was necessary, in order to change the combination in a permutation lock, to remove the wheels from the lock-case and adjust them by hand and then replace them.

But Rosner was in error in making this statement.    The evidence shows that what Rosner thought had never been done before had been done by means of the device of Rickards, em-

bodied in the lock of Evans & Watson, which is substantially the same contrivance as that covered by the first claim of Rosner's patent.

.The Rickards device embraces a set of wheels consisting of an outer rim or hub and a set of fastening devices or bolts, so constructed as to engage and disengage with a set of cogs on the central hub. When the bolts are in place the outer rim and the central hub are firmly fastened together; when withdrawn the hub may be made to revolve without moving the rim. The bolts are withdrawn by means of a key. Each of the wheels has an opening in it for the passage of the key by which the bolts are moved; these openings in the wheels are placed opposite each other and also opposite a key-hole in the lock-case, so that the key may be passed from the exterior of the lock-case through all the wheels, and thus withdraw the bolts which fasten the rims to the hubs of the wheels, thereby permitting the hubs to be moved and a change to be made in the combination of the lock. When the change is made the key is withdrawn and the bolts are forced back into their places by springs. By this means the combination of the lock is changed without removing the wheels from the lock case, or even opening the case.

The only difference between the Rosner device and that of Rickards, which the plaintiff's counsel have been able to point out, is thus stated : in the Rosner contrivance the key, in addition to locking and unlocking the fastening devices, performs, when in the lock, the function of holding the outer rims in place while the combination of the lock is changed by moving the hubs. It is insisted that this key is adapted to perform this office by the fact that it fits snugly the series of holes in the rims of the wheels through which it passes, and thereby prevents any motion of the rims.

The Rickards device has a key-hole in the lock-case which the key neatly fits. But the holes in the rims of the wheels through which the key passes are irregular apertures, not fitted to the shape or size of the key, so that they allow some motion to the rims of the wheels.

We think this difference between the two locks does not give

validity to the Rosner patent, for two reasons: First, because the shape and size of the key-hole is not mentioned in the claim of the Rosner patent, as one of the elements of the combination. The scope of letters-patent must be limited to the invention covered by the claim, and while the claim may be illustrated it cannot be enlarged by language used in other parts of the specification. *Keystone Bridge Co.* v. *Phœnix Iron Co.*, 95 U. S. 274; *Railroad Co.* v. *Mellon*, 104 U. S. 112. Secondly, if it were found to be necessary to hold the rims of the wheels rigidly immovable while the combination of the lock was being changed, the idea of changing the irregular aperture in the wheels through which the key in the Rickards device was thrust to one of the shape and size of the key would occur to the rudest and most unskilled mechanic. The suggestion of such a change could not be called invention, and ought not to be dignified by letters-patent. *Atlantic Works* v. *Brady*, 107 U. S. 192; *Slawson* v. *Grand Street Railroad Co.*, 107 U. S. 649; *Phillips* v. *Detroit*, 111 U. S. 604.

We are of opinion, therefore, that the first claim of the plaintiff's patent was anticipated by the application and specification of Rickards and by the locks manufactured by Evans & Watson, and that it is, therefore, void. It follows that

> *The decree of the Circuit Court must be reversed, and the cause remanded, with directions to dismiss the bill.*