CLUETT and others *v.* CLAFLIN and others.

*(Circuit Court, S. D. New York. June 7, 1887.)*

PATENTS FOR INVENTIONS—NOVELTY—IMPROVED SHIRT-BOSOMS.

The claims of letters patent No. 156,880, of November 17, 1874, to Robert Cluett, for an improvement in shirt-bosoms, do not cover a bosom of any designated color, size, or shape, or a binding of any particular variety, or the machinery or processes employed in the construction of the shirt. They are simply for the combination of a shirt bosom, bound on the outer edge with a folded and stitched binding, attached to the shirt-body by a separate line of stitching through the binding. This, in view of all that was known to the art in 1874, is not invention, and the patent is void for want of patentable novelty.

In Equity.
*James A. Skilton,* for complainants.
*Louis C. Raegener* and *David Tim,* for defendants.

Coxe, J. The complainants are the owners of letters patent No. 156,880, granted to Robert Cluett, November 17, 1874, for an improvement in shirt-bosoms. The object of the patentee was—*First,* to avoid the disfigurement of the bosom which follows from folding in the raw edges and loose threads thereof; *second,* to stay the bosom, and render it less liable to rumple; and, *third,* to prevent the wrinkling or fulling up of any one of the layers of which it is composed. The shirt is constructed by placing two or more layers of cloth, composing the bosom, smoothly, one upon the other. Their edges are then bound with a folded strip of similar material, which, except at the neck and yoke, extends entirely around the bosom, and is attached thereto by a line of stitches. The bosom is then placed upon the shirt body, and fastened to it by a second line of stitches through the binding. In other, and, perhaps, plainer words, the alleged invention consists in binding a shirt bosom, and afterwards sewing it through the binding to the body of the shirt. A shirt so made was first produced by the patentee in the spring or early summer of 1874. The claims are as follows:

"(1) In combination with a shirt-body, a shirt-bosom, bound on the outer edge with a folded and stitched binding, and attached to the shirt-body by a separate line of stitching through such binding. (2) The shirt-bosom, S, composed of two or more thicknesses of cloth, B, L, bound on the outer edge with the binding, B″, and secured to the shirt-front, F, by the line of stitching, O."

The defendants admit that some of the shirts dealt in by them contain the patented features, but they insist that the complainants' shirt was old in 1874; and, if not completely anticipated, the state of the art was such that the patent must be held void for lack of invention.

A voluminous mass of testimony has been returned upon the question of prior use. The greater part, however, may be laid aside, when it is remembered that this defense must be established by proof as explicit and convincing as that required to convict a person charged with crime; proof which preponderates the complainants' testimony not only, but which satisfies the mind beyond a reasonable doubt. The evidence upon this question is full of contradictions and improbabilities, and furnishes another illustration of the difficulty of arriving at the truth from human testimony. Although corruption, prejudice, and self-interest may be wholly absent, it is well-nigh impossible for a witness, no matter how intelligent he may be, or how retentive his memory, to recall the details of ordinary transactions occurring 12 or 15 years before. Even the most intelligent and incorruptible witnesses are here proved to have been mistaken in important particulars, and others, not so intelligent or virtuous, are contradicted and discredited. It is thought that the testimony falls below the standard required by the rule referred to, unless it be the proof of prior use at Chatham, New York. Two witnesses who made

bound-bosom shirts, similar to the patented shirt, were called; and at great length, and with careful attention to details, told the manner of construction, and the experiments which led to the adoption of that style of shirt. But the character of one of these witnesses, Ford, was compromised by an attempt upon his part to sell the knowledge he possessed for a large sum of money; and the court should hesitate to accept his story, were it not corroborated by the testimony of the county judge of Columbia county, whose character is conceded by all to be entirely beyond reproach. Judge McClellan positively, and with reiteration, testifies that he bought bound-bosom shirts prior to 1870, and gives facts and circumstances which render it quite improbable that he is in the wrong. To be sure, he is shown to be mistaken as to minor details in a few instances, but, upon all material questions, his testimony remains entirely unshaken, and, when taken in connection with the evidence of Ford and Clark, it can hardly be said that there is a reasonable doubt remaining regarding the Chatham anticipation.

But it is thought that the patent must be declared invalid for want of patentable novelty, and the court prefers to rest the decision upon this ground. It will be seen, upon an examination of the claims, that they do not cover a bosom of any designated color, size, or shape, or a binding of any particular variety, or the machinery or processes employed in the construction of the shirt; but they are for the combination of a shirt-bosom, bound on the outer edge with a folded and stitched binding, attached to the shirt-body by a separate line of stitching through the binding. The patent covers nothing more. To attribute to the alleged invention all the improvements and increased facilities which modern machinery and ingenuity have introduced into the shirt traffic is hardly warranted by the proofs. At the time the patentee produced the combination in question, namely, in the spring of 1874, the art of binding textile fabrics for ornamentation, strength, and preservation was very old. Shirts and shirt-bosoms, and bosoms with binding around their outer edges, were not new. Woolen shirts, with bosoms bound and attached on one side alone, and on both sides, to the shirt-body by a line of stitches, either through or just inside the binding, and laundered shirts with ruffled or puffed bound bosoms, were well known.

In January, 1873, a patent for improvements in shirts was granted to Augustus D. Marr, the specification of which contains this language: "The edges of each fly and the bosom front may be bound with binding." In 1869 or 1870 the complainants themselves made and sold a bound bosom, or dickey, detached from the shirt, and intended to hang by means of a tab to the collar button, and to be worn or not as occasion required. Had a mother, in 1870, whose son exhibited an aversion to wearing the bound dickey, seen fit to sew it to his shirt by a line of stitches through the binding, she would have anticipated the Cluett patent. Had she done this in 1875, she would have infringed. The question, therefore, is, was it invention for the patentee, in view of all that was known in the art in 1874, to sew the bound bosom made by him to the shirt upon which it hung, by a line of stitches through the

binding? There was no invention in locating the stitches at that point, for it would almost require an exercise of the inventive faculties to find any other place to put them. Two or more pieces of cloth, bound on the edges, are laid upon another piece, and held in proper position by means of a button. A party who is aware that similar fabrics have been held in position, by sewing instead of buttoning, substitutes the former for the latter mode. Clearly this is not invention. Take an illustration. Let us assume that two intelligent workmen were employed in the complainants' manufactory in 1872, the one wearing the woolen shirt with shield-shaped bound bosom, described by the defendants' witnesses, the other the bound dickey made by the complainants. The tab which holds the latter to the collar button breaks or ·becomes inoperative, and its wearer, after examining the woolen shirt of his companion, sews the dickey to the body of his shirt by a line of stitches through the binding. Does he by this act become an inventor? Is the operation one which taxes the brain, or calls into being "that intuitive faculty of the mind" which the supreme court regards as necessary to patentable novelty? *Hollister* v. *Benedict Manuf'g Co.*, 113 U. S. 59, 5 Sup. Ct. Rep. 717. If so, it might almost be said that he who, by means of a row of tacks through its binding, attaches to the wall a map which previously had been suspended in the same position by a cord, is entitled to rank as an inventor. It is entirely clear that, under the decisions of the supreme court, this action cannot be maintained. The record discloses less invention than was shown in any of the following cases: *Pennsylvania R. Co.* v. *Locomotive Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220; *Stimpson* v. *Woodman*, 10 Wall. 117; *Stephenson* v. *Brooklyn Ry. Co.*, 114 U. S. 149, 5 Sup. Ct. Rep. 777; *Yale Lock Co.* v. *Greenleaf*, 117 U. S. 554, 6 Sup. Ct. Rep. 846; *Thatcher Heating Co.* v. *Burtis*, 39 O. G. 587, 7 Sup. Ct. Rep. 1034; *Estey* v. *Burdett*, 109 U. S. 633, 3 Sup. Ct. Rep. 531; *Clark Pomace-Holder Co.* v. *Ferguson*, 119 U. S. 335, 7 Sup. Ct. Rep. 382; *Phillips* v. *Detroit*, 111 U. S. 604, 4 Sup. Ct. Rep. 580; *Gardner* v. *Herz*, 118 U. S. 180, 6 Sup. Ct. Rep. 1027.

The bill must be dismissed, with costs.