WOLLENSAK *v.* SARGENT *et al.*, (two cases.)

*(Circuit Court, D. Connecticut. January 18, 1890.)*

1. PATENTS FOR INVENTIONS—PATENTABILITY—TRANSOM LIFTERS.

The invention described in letters patent, reissue No. 9,307, issued to John F. Wollensak, July 20, 1880, which merely provides for a proper support for the upright rod of a transom lifter to prevent its being bent by the weight of the transom, consisting of a guide or loop beyond the rod's junction with the lifting arm, and the extension of the rod to the loop, is not a patentable device. Following *Wollensak* v. *Sargent*, 33 Fed. Rep. 840.

2. SAME—CONSTRUCTION OF CLAIM.

It appearing both in the reissued patent, and in the patentee's statement to the patent-office, that the guide above the junction of the operating rod with the lifting arm, and the prolongation of the rod beyond the junction, were represented as the improvement, a claim for the upper guide, in combination with the prolonged rod and the lifting arm, cannot be construed to include, also, lower guides and a locking device, on the ground that the invention was of a substantially entire transom lifter, except the rod and lifting arm.

3. SAME—SKY-LIGHT LIFTERS.

The sky-light lifter described in letters patent No. 191,088, issued May 22, 1877, to John F. Wollensak, having a fixed guide bar, a sliding block connecting with lifting rods, and a locking bolt attached to and moving with the sliding block, is a patentable improvement, and was not anticipated by letters patent No. 87,668, issued March 9, 1869, to George Hayes, which had a fixed bolt attached to the building so as to lock the sliding bar.

4. SAME—INFRINGEMENT.

The device described in letters patent No. 226,353, issued April 6, 1880, to Frank A. Reiher, having a fixed guide bar, lifting arms, and operating rod, with an enlarged upper end in which is a pin engaging with holes in the bar and disengaged by a twist of the rod, is an infringement of the first claim of said letters patent No. 191,088, having a fixed guide bar and a sliding block with a locking bolt disengaged by a cord, with which the sliding block is moved, but not of the second claim, in which the presence of the cord to act on the bolt as described is essential. Following *Wollensak* v. *Sargent*, 33 Fed. Rep. 840.

In Equity. Bills for infringement of letters patent.

The third claim of reissued letters patent No. 9,307 is as follows:

"(3) The guide, G, arranged above the junction of the lifting arm and upright rod, in combination with the prolonged rod, $h$, the guide, G, and arm, A, substantially as and for the purpose specified."

The first and second claims of No. 191,088 are as follows:

"(1) The sliding block, C, carrying the spring locking bolt, $g$, in combination with the fixed guide bar, B, connecting rod or rods, $h$, and the operating cord or cords, $f$, substantially as described, for the purpose specified. (2) The combination of the operating cord, $f$, with the spring locking bolt, $g$, and the sliding block, C, to which the sash is connected, arranged as described, so that the act of pulling the cord backward shall disengage the locking bolt from the bar, B, and a continued downward pull upon the same cord shall raise the sash, substantially as described."

*Ephraim Banning* and *Charles R. Ingersoll*, for complainant.
*John K. Beach* and *Benj. F. Thurston*, for defendants.

SHIPMAN, J. These are two bills in equity, (Nos. 585 and 587,) which are respectively founded upon the alleged infringement of the third claim of reissued letters patent No. 9,307, dated July 20, 1880, and of the first and second claims of letters patent No. 191,088, dated May 22, 1877, each of said patents having been issued to John F. Wollensak. The original of reissue No. 9,307 was dated March 11, 1873, and was for an improvement in transom lifters. No. 191,088 is for an improved sky-light lifter. Motions for preliminary injunctions were brought in these two cases, and were denied. 33 Fed. Rep. 840. The opinion upon the motions states the claims which are alleged to have been infringed, and other facts in regard to the character of the patented improvements, which need not be repeated.

The invention which was embraced in reissue No. 9,307 was declared by the supreme court in *Wollensak* v. *Reiher*, 115 U. S. 87, 5 Sup. Ct. Rep. 1132, to be "the combination with a transom, its lifting arm and operating rod, of a guide for the upper end of the operating rod, prolonged beyond the junction with the lifting arm, so as to prevent the operating rod from being bent or displaced by the weight of the transom." This construction was based upon the state of the art at the date of the alleged invention, which was described in both the original and reissued patent as follows:

"Transom lifters have heretofore been constructed with a long upright rod or handle jointed at its upper end to a lifting arm, which extends to and is connected with the side or edge of the transom sash, the sash being opened or closed by a vertical movement of the long rod. When thus constructed, the upright rod is liable to be bent by the weight of the transom, owing to the want of support at or near the point of junction between the long rod and the lifting arm. The object of my invention is to to remedy this difficulty, and to such end it consists in providing the proper support, or support and guide, for the upper end of the lifting rod during its vertical movements and while at rest."

The complainant introduced in evidence the file-wrapper and contents of the appeal to the examiners in chief in the matter of this reissue. In the patentee's statement of his case, his attorney says that, "prior to Wollensak's invention, transom lifters had been composed of a long vertical rod, arranged to move through guides on the door casing, its upper end projecting a considerable distance above the upper guide, and jointed to the transom by a pivoted connecting rod. An example of the lifter is shown on the transoms of the examiner in chief's rooms." He then states, more at length than in the specification, that the defect in such a lifter was the liability of the rod to be bent by the weight of the transom, and that the remedy was a guide for the upper end of the rod. It thus appears that, when the patent was before the patent-office, the guide above the junction of the operating rod with the lifting arm and the prolongation of the rod beyond the junction were represented as constituting the improvement.

The complainant contended upon this hearing that the patentee was the first inventor of transom lifters who achieved success, and was, in fact, the pioneer in the art; that the invention was really much more than the addition of the upper guide, and consisted also of lower supports and a locking device; and that, in addition to the transom, the lifting arm, operating rod, and guides for its upper rod, which are mentioned in the claim as the elements of the combination, the guide near the lower end of the rod, provided with a set-screw, and an intermediate guide, should also be properly included as elements in the third claim. It is said that, in the description of pre-existing devices, it is neither stated nor admitted that anything more than a rod and lifting arm had been used, and that if guides were used they were not supports; and it is truly said that such a device, without supports to support the rod, or hold it away from the wood-work, and without a locking device, would be almost useless. It is further said that the guides, set-screw, and the reversible bracket were, in fact, novel methods of accomplishing the particular work which they were made to do; and thus that the Wollensak lifter, as a whole, was a novel and useful product of invention, which deserves to be included within the protection of the second and third claims of the reissued patent. The adequate answer to these suggestions is that although it may be true that Wollensak's actual invention included all the details of the device except the rod and the lifting arm, and was a substantially entire transom lifter, yet that his reissued patent, as it now exists, not only does not make such a broad claim, but confines itself to the narrow limits which have been mentioned. The patentee declared that his invention consisted in providing the proper support and guide for the upper end of the lifting rod. Upon that theory the invention was presented to the patent-office, both in the application and upon the appeal. The obvious intent of the patentee and the language of the patent unite in the construction which has been heretofore uniformly given to it. The court cannot broaden the grant beyond the limitations which the patentee himself imposed. *Railroad Co.* v. *Mellon,* 104 U. S. 112. The effect of the construction which is asked for would be to graft upon the claim an invention not previously "indicated upon its face," nor stated in the specification as one belonging to the patentee. *Day* v. *Railway Co.,* 132 U. S. ——, 10 Sup. Ct. Rep. 11.

For the reasons which are given in the former opinion, the improvement, which consists of the extension of the rod and its confinement within an additional metallic loop or eye, does not appear to me to have a patentable character, but to have been the obvious suggestion which would occur to a mechanic. I have no reason to doubt that inventive genius was required and was manifested in the development of the present lifter from a naked rod and a lifting arm, but the improvement which a lifter already furnished with its rod, moving within supporting guides, and locked when necessary by a set-screw, does not pass beyond the line of mechanical skill.

The question of patentable invention, in view of the state of the art at the date of the improvement, is also the important one which arises upon

patent No. 191,088. The transom lifter described in the Wollensak patent of 1874, No. 148,538, had a fixed guide bar, a lifting arm, a rod for operating it, and a set-screw to hold the rod at a desired point. The device described in No. 191,088 had a guide bar for holding and guiding a sliding block which communicated motion to lifting rods, and a locking bolt attached to and moving with the sliding block so as to engage at different points with holes in the guide bar. The invention was designed for a sky-light, and cords were used instead of a rod to disengage the bolt, and to raise or lower the sky-light. The locking bolt is disengaged from the hole in which it is held by means of a cord which is attached at each end to the block, and extends up over a pulley, and down through an eye in the outer end of the locking bolt. The step in advance which was made upon the transom lifter of No. 148,538 was its locking device. Instead of fastening the rod at a desired point by means of a set-screw, the sliding block is made to engage at different points with holes in the guide bar, by means of a spring bolt.

The defendant strongly insists that this patent was anticipated by the sky-light described in letters patent No. 87,668, dated March 9, 1869, to George Hayes. This sky-light had two sashes, hinged together at the middle. Below the hinge was a pulley, and projecting downward was a fixed bar. A sliding block on the bar was connected by links with both sashes. A cord attached to the slide passed over the pulley. A pull from the cord raised the slide and the sashes. No locking device was shown or described. The idea probably was to fasten the cords to a cleat. A second form of this sky-light was shown which had, instead of a fixed bar, a movable bar connected with the sashes by links. The bar itself was drawn up by the cord. A bolt was attached to the fixed part of the building so as to engage the sliding bar and lock it. This form of the Hayes invention had a stationary bolt which engaged with a sliding bar. No. 191,088 has a sliding block which carries a locking bolt up and down the fixed guide bar. The Hayes sky-light shows that Wollensak was not the first to use a bolt to engage with the part of the mechanism which moved the transom; but the Hayes stationary bolt, which was fastened to the building, and which was permitted to engage with holes in a moving rod, is a different thing from a bolt which is carried by a sliding block up and down a fixed guide bar, and which, in comparison with the primitive method of locking shown by Hayes, exhibited invention, and I think is also a patentable improvement upon the set-screw of Wollensak's previous patents.

The Reiher lifter, which is shown and described in the Frank A. Reiher patent No. 226,353, dated April 6, 1880, and is also made and sold by the defendants, has a fixed guide bar, lifting arms, and a rod for operating them; the upper and enlarged end of the rod being what may properly be designated a "sliding block." Upon the block there is a pin, which engages with holes in the guide bar. A twist of the rod withdraws the pin, and a vertical motion moves the block which moves the lifting arms. The spring action of the rod, which is an equivalent for the cords of the first claim of the Wollensak patent, causes the pin upon

the sliding block to engage with holes in the bar. Reiher has taken the Wollensak method of locking by means of a bolt attached to and moving with the sliding block, and has improved it, substituting a pin for the more clumsy bolt, but the infringement is manifest. , The second claim of No. 191,088 apparently demands the presence of cords to act upon the spring bolt in the described manner, and is therefore not infringed. Let the bill No. 585 be dismissed. In No. 587 let there be a decree for an injunction against the infringement of the first claim of No. 191,088, and for an accounting.