416

SEEGER REFRIGERATOR CO. v. BOHN
REFRIGERATOR CO. et al.

BOHN REFRIGERATOR CO. v. SEEGER
REFRIGERATOR CO.

Nos. 9106, 9107.

Circuit Court of Appeals, Eighth Circuit.
Aug. 24, 1931.

Frank Parker Davis, of Chicago, Ill. (Harry S. Johnson, of St. Paul, Minn., on the brief), for Bohn Refrigerator Co. and others.

Frank A. Whiteley, of Minneapolis, Minn. (Howard L. Fischer, of St. Paul, Minn., on the brief), for Seeger Refrigerator Co.

Before KENYON and BOOTH, Circuit Judges, and DEWEY, District Judge.

BOOTH, Circuit Judge.

This is a patent suit involving three patents. Bohn Refrigerator Company as plaintiff sued Seeger Refrigerator Company for infringement of two patents owned by plaintiff. They are No. 1,263,843, issued April 23, 1918, to Gebhard C. Bohn for a refrigerator door, sometimes called the A patent; and No. 1,329,453, issued February 3, 1920, to the same party for a refrigerator closure, sometimes called the B patent.

Defendant, Seeger Refrigerator Company, in its answer set up a counterclaim alleging that plaintiff was infringing a patent owned by defendant, to wit, No. 1,209,544, issued December 19, 1916, to Thomas P. Bolger for refrigerator construction.

Claim 3 of the A patent, claim 5 of the B patent, and claims 1 and 2 of the Bolger patent are the only ones in suit.

The trial court by its decree dismissed plaintiff's bill for want of equity, held claims 1 and 2 of the Bolger patent valid but not infringed by plaintiff's construction, and dismissed the counterclaim for want of equity. These appeals followed.

From a memorandum opinion of the trial court, it is gathered that the court was of the opinion that the claims in suit of the Bohn patent were invalid for lack of invention and were not infringed by defendant.

We take up first the Bolger patent; that being the oldest of the three. The objects of the invention are thus stated in the specifications:

"The present invention relates to certain new and useful improvements in the construction of sheet metal refrigerators, and has for its object to provide a novel means for fastening the edges of the metal lining and outside metal covering in the door opening whereby a tight joint is obtained when the door is closed and a continuous metal wall for conducting heat from the outside to the inside of the refrigerator is avoided.

"Further objects of the invention are to provide a construction of this character which is simple and inexpensive, which breaks up any possible air passage around the edge of the door, which securely fastens the edges of the sheet metal lining and cover without bringing them together in such a manner as to provide a continuous metal wall between the outside and the inside of the refrigerator, and which does not interfere in any manner with the opening and closing of the door."

Claim 1 of the Bolger patent reads as follows: "1. A refrigerator including a body having a door opening, a swinging door hinged to the body and adapted to close the door opening, a sheet metal lining applied to the body and having the edges thereof carried into the door opening, a sheet metal outer covering applied to the body and also having the edges thereof carried into the door opening, strips of non-heat conducting molding applied to the sides of the door opening and fitting over the edges of the sheet

metal lining and sheet metal outer covering, said edges being held in a spaced relation to each other so that there is no continuous metal wall between the outside and the inside of the refrigerator, and corresponding strips applied to the door for engagement with the strips of the door opening to form a tight joint when the door is closed."

It is apparent that the following elements are included:

(1) A refrigerator including a body having a door opening.

(2) A swinging *door* hinged to the body and adapted to close the door opening.

(3) A sheet metal *lining* applied to the body and having the edges thereof carried into the door opening.

(4) A sheet metal *outer covering* applied to the body and also having the edges thereof carried into the door opening.

(5) Strips of nonheat-conducting molding applied to the sides of the door opening and fitting over the edges of the sheet metal lining and sheet metal outer covering, *said edges being held in a spaced relation* to each other so that there is no continuous metal wall between the outside and the inside of the refrigerator.

(6) Corresponding strips applied to the door for *engagement* with the strips of the door opening to form a *tight joint* when the door is closed.

Claim 2 is similar to claim 1, but includes a sheet metal covering applied to the door as well as to the body.

The evidence shows that prior to the Bolger invention there had been all-metal refrigerators in use, but they had certain well-recognized defects: First, there was no space between the inner metal and the outer metal at the door openings. As a consequence, the cold from within the refrigerator passed out through the metal and caused sweating and other complications. Further, the metal plates were held in position by nails and screws which also conducted the cold out and permitted sweating. The plates became loose in time. Third, there was no cushioning seal in the door opening between the contacting portions of the door and the body.

Bolger remedied these defects. The outer sheathing and the inner lining of the refrigerator in his invention were carried unbroken into the door opening and around the edges of the door, and were held in position by means which acted as insulators and as sealing and cushioning devices. Similar improvement was made in respect to the cover-

ing of the door. Bolger's invention was made use of by later manufacturers of refrigerators and was a distinct advance in the refrigerator art. We think claims 1 and 2 of the Bolger patent were rightly held valid.

The structure manufactured by the Bohn Refrigerator Company, and which is accused as infringing the Bolger patent, differs in several respects from the structure disclosed by the Bolger patent: First, the Bolger patent discloses a flush door for its refrigerator, whereas the Bohn construction provides an overlapping door. Furthermore, and this in our opinion is vital, Bolger has a tight joint between the strips along the edges of the door opening and the corresponding strips along the edges of the door. This requirement of a tight joint is found in both claims of Bolger here in suit, and it may be remarked that it is also found in several of the other claims of the Bolger patent. Whether this was a necessary element in the Bolger construction, we need not inquire. It was one of the elements of each of the claims in suit, and, being one of the elements, must be considered as essential when infringement is under consideration. Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274, 278, 24 L. Ed. 344; White v. Dunbar, 119 U. S. 47, 7 S. Ct. 72, 30 L. Ed. 303; McClain v. Ortmayer, 141 U. S. 419, 423, 12 S. Ct. 76, 35 L. Ed. 800; Gruendler Co. v. Hussmann Co., 16 F.(2d) 571 (C. C. A. 8); Harris v. Ladd, 34 F.(2d) 761 (C. C. A. 8). The Bohn structure does not have this tight joint between the strips on the sides of the door opening and the corresponding strips on the sides of the door. The tight joint or sealing of the refrigerator in the Bohn structure is along the points of contact between the overlapping door and the outside covering of the refrigerator. While the same result is accomplished as in the Bolger patent, the result is not accomplished in the same way. For these reasons, we think there was no infringement of claims 1 and 2 of the Bolger patent by the Bohn structure.

■ Turning to the Bohn patents, the object of the A invention is thus stated:

"My invention relates to improvements in doors and more particularly to those doors adapted for use on refrigerators where the entire outside is of vitreous material, its object being to provide means for fastening the outer enameled sheathing to the inner portion of the door without running screws or other fastening means through the sheathing."

And the objects of the B invention are thus stated:

"One object of my invention is to provide a construction of the character designated, in which the outer sheathing is retained in position without the necessity of exterior fastening devices marring the exterior appearance of the refrigerator and without the necessity of drilling holes in the sheathing.

"Another object of my invention is to provide a construction in which the enameling upon the sheathing is protected against chipping or other injury as in the closing of the refrigerator door.

"My invention further consists in improved means for securing the enameled inner lining in position."

Claim 3 of the A patent reads as follows: "3. A door of the class described including an outer covering plate formed with inturned edges, backing strips formed with flanges fitted under said edges and an inner door portion secured to said backing strips and holding the same in normal position for the purpose set forth."

Claim 5 of the B patent reads as follows: "5. A refrigerator comprising a body portion formed with a door opening, and a door fitted thereto, enameled sheathing and lining plates covering said body portion and bent over the edges of the door opening, fastening means secured inside the door opening and overlapping said plates, enameled sheet metal sheathing and lining plates for said door, said plates overlapping the door edge, and a nonmetallic seat forming part of said door and contacting with the exterior sheathing of said refrigerator when said door is closed."

It is thus seen that the objects of both of these inventions were similar to the objects sought by the Bolger invention, and, when the two Bohn patents are read in the light of the prior Bolger patent, it is apparent that there was very little of an inventive character shown in the Bohn patents. It is claimed that the Bohn patents contemplate an overlapping door; and this, as we have already said, was not contemplated by the Bolger patent. It may be doubted whether the Bohn patents restrict the disclosures to an overlapping type of door; but, even if there were such a restriction, the conclusion of invention would not follow. Overlapping doors were old in the prior art, as shown by the patent to Stevenson, No. 697,689, issued April 15, 1902. Other differences between the Bolger patent and the Bohn patents are relied upon to uphold the Bohn patents, such as the change in the form of a flange, the change in the form of a breaker strip, and the use of mitered backing strips. These various minor differences which are claimed to differentiate the Bohn patents from the Bolger patent are not set out in the claims of the Bohn patents, and it is to be noted that the Bolger patent was not cited in the prosecution of either of the Bohn patents in the patent office.

Doubtless the Bolger patent was unknown to Bohn when he worked out the structures disclosed in his two patents; and apparently the Bolger patent was overlooked by the Examiners in the Patent Office when the Bohn applications were pending; but these matters cannot change the result. The Bolger patent had been issued and had become part of the prior art before the dates when the Bohn applications were filed.

Our conclusion is that, when the two Bohn patents are considered in the light of the prior art, and especially in the light of the Bolger patent, the minor differences disclosed in the Bohn patents do not rise to the dignity of invention, and the patents are invalid for that reason.

Other questions raised by counsel have been considered, but do not require discussion.

The decree is affirmed.