## MARTIN et al. v. H. C. MILLER CO.
### No. 4780.

Circuit Court of Appeals, Seventh Circuit.
Dec. 1, 1932.

Rehearing Denied Feb. 28, 1933.

Luther Johns and Ralph M. Snyder, both of Chicago, Ill., for appellants.

Ira Milton Jones, of Milwaukee, Wis. (George A. Chritton, of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellants, plaintiffs in the District Court in a suit for infringement of patent 1,269,479 issued to Martin, June 11, 1918, appeal from a decree finding no infringement and dismissing the bill. At the trial as well as upon this appeal appellee questioned also the validity of the patent, but the trial court found it unnecessary to decide the issue thus raised, and, in view of our conclusions as to infringement, we have not considered the same.

The patent is for an improvement in loose-leaf binders. Claims 1, 2, 3, 9, and 10, relied upon, appear in the footnote.

The patent illustrates and claims a binder comprising a pair of hinged covers with a tier of leaf posts mounted on each cover, the latter being so hinged that the movement on the axis of their hinge causes each row of posts to pivot toward or from the other in an

---

1. In a binder the combination with front and rear sets of alined leaf posts, of means holding said sets in pivotal relation to each other, said sets being mounted on said means for movement longitudinally of each other.

2. In a binder the combination of parallel, elongated post frames, leaf posts mounted on the frames, and means holding said frames in pivotal relation while permitting their relative longitudinal movement.

3. In a binder the combination with hinged covers, of a set of leaf posts mounted on each cover, said sets being movable longitudinally of each other.

9. In a binder the combination with front and rear post frames, and a pair of elements hinged together on a common axis, each element carrying one of said frames, of arcuate leaf posts on each frame equidistant from said axis and concentric therewith, said frames being relatively movable a given distance longitudinally of said axis.

10. In a binder the combination with front and rear post frames, and a pair of elements hinged together on a common axis, each element carrying one of said frames, of arcuate leaf posts on each frame equidistant from said axis and concentric therewith, said frames being relatively movable a given distance longitudinally of said axis, and the posts on each frame being spaced apart three times said given distance.

arc. The patentee contemplated a loose-leaf binder in which a large number of relatively long and narrow pages might be superposed upon each other in a series from the top of the book to the bottom thereof and held at the side on the curved piercing prongs or leaf posts with one of the upper or lower margins of each sheet exposed for index purposes and which embraced means for transposing groups of sheets in the binder from one side to the other and vice versa without taking the same from the binder. The device involves as necessary elements a pivotal arrangement of the two rows of posts or arched prongs, affording means for opening and closing the same, and means affording a limited longitudinal movement of the two rows with reference to each other.

Appellee's structure is built in accordance with patent 1,787,755 issued to Miller, on January 6, 1931. It comprises a pair of leaf rests lying in the same plane, each provided with a series of impaling prongs or posts for holding the leaves. These leaf rests or supports are capable of being moved apart laterally and to a limited extent longitudinally similarly as in appellants' device. They are joined by a sort of equalizing toggle or lazy tong. This element performs no function in the action of the binder other than to retain the leaf supports in proper parallel relation to each other. So far as the operation of the binder is concerned, the toggle may be eliminated without modifying the result, except to require greater care in opening the binder to prevent unequal separation of the two parts.

Claims 1 and 2 of appellants' patent expressly provide that the patented device shall embrace means for holding the sets of leaf posts in "pivotal relation to each other." In each, the posts are mounted on the said provided means. Appellee's sets of posts are not held in a pivotal relation in any sense. They are mounted on leaf rests which are at all times located in a horizontal plane, and cannot be moved out of that plane in a curved pivotal manner by the opening of the binder or the longitudinal shifting already mentioned. Appellants achieve their separation of the two tiers of prongs by turning the same upon a pivot. In operation the plane is constantly changing. Appellee achieves its separation merely by sliding the two tiers apart laterally in the same plane.

Claim 3 prescribes hinged covers and a set of leaf posts mounted on each cover. Claim 9 calls for "a pair of elements hinged on a common axis," each element carrying one of said frames, "on which a set of arcuate leaf posts are mounted, the same being equidistant from said axis and concentric therewith." Claim 10 is practically identical with claim 9.

In appellee's device, the leaf posts are not mounted on the covers in any sense of the word. Were they so mounted, the structure would be inoperable. Appellee's binder has no rows of posts capable of concentric movement to and from each other on a common axis. It contains no elements hinged together on a common axis. The pivotal relation mentioned in claims 1 and 2 is included in the conception of the device claimed in claims 3, 9, and 10. Appellants achieve their result by hinged covers bringing about a pivotal relation between the two tiers of prongs which operate concentrically and move to and from each other upon the common axis. Appellee, on the other hand, separates the two rows of prongs, not by pivoting them away from each other, but by pulling them apart laterally. His device contains no element similar or equivalent to the elements indispensable to appellants' conception and the operation of their device. It follows that there is no infringement.

■ It may be that appellants' patent is of pioneer character as contended, and that they are, therefore, entitled to a broad range of equivalency, but such character cannot remove the clear limitations upon the invention of appellants brought about by their own claims. They may not claim a combination employing as an essential element a mechanical construction of distinctive character, and in their specifications describe the combination as one always employing this essential element, and thereafter insist that another combination employing an entirely different form of mechanical construction as an essential element is within what they described and claimed. When the terms of the grant are clear and distinct, the patentee is bound by the plain meaning of the same. He can claim nothing beyond it. Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274, 24 L. Ed. 344; Lehigh Valley R. Co. v. Mellon, 104 U. S. 112, 26 L. Ed. 639; Yale Lock Manufacturing Co. v. Greenleaf, 117 U. S. 554, 6 S. Ct. 846, 29 L. Ed. 952; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122.

■ The words "pivotal relation" are not ambiguous or uncertain; they are definite and clear. The language with respect to

hinged covers and hinged elements discloses that the cover elements are hinged on a common axis, carrying posts equidistant from the hinged axis and concentric therewith, so that, when the covers are opened, the leaf posts pivot about this hinge and thus open the volume. These words likewise are clear and unambiguous. The patentee was at liberty to choose his own form of expression, and, while we may construe the same in view of his specifications, and allow to him all reasonably implied thereby, we may not add to or detract therefrom matter not so expressed or necessarily implied. See Howe Mach. Co. v. National Needle Co., 134 U. S. 388, 10 S. Ct. 570, 33 L. Ed. 963, and Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 25 S. Ct. 697, 49 L. Ed. 1100.

 From what we have said, it appears that appellants and appellee, in making their respective devices, developed different mechanical conceptions and structures. The mere fact that the result in operation of one combination of elements is one similar to that of a different combination of elements is not proof of mechanical equivalency. The second combination must not only produce the same result, but it must so operate mechanically as to justify the conclusion that it is the equivalent of the first. A device operating by separation of two parts by lateral movement is in no wise the same as or equivalent to one operating by separation of two parts by opening the same upon the common axis of a hinge. Each produces an opening, yet the devices and their methods are entirely different. A barn door swinging open upon a pivoted hinge will produce the same opening as a door sliding open laterally on hangers, yet the two are in no wise mechanically equivalent to each other in conception, construction, or operation. In Burr v. Duryee, in 1 Wall. 531, 573, 17 L. Ed. 650, the Supreme Court said: "Now, 'an infringement involves substantial identity, whether that identity be described by the terms, "same principle," same "modus operandi," or any other.' * * * The argument used to show infringement assumes that every combination of devices in a machine which is used to produce the same effect, is necessarily an equivalent for any other combination used for the same purpose. This is a flagrant abuse of the term 'equivalent.'"

Obviously, the rule of equivalents, correctly interpreted, does not apply to appellee's device.

The decree is affirmed.