### ROBERTSON v. HOLT MOTOR CO.

#### No. 539.

District Court, D. Minnesota, Second Division.

Aug. 1, 1939.

John E. Regan, of Mankato, Minn., and Sol Andrews, of Chicago, Ill., for plaintiff.

Wilson & Blethen, of Mankato, Minn., and J. King Harness, of Detroit, Mich., for defendant.

SULLIVAN, District Judge.

Plaintiff charges the defendant with infringement of the claims set out in United States Patent No. 1,493,897, relating to claimed "new and useful improvements in wheels". The patent in suit has never been commercialized.

The phrase, "A wheel of the character described, comprising a tread portion and a hub portion", constitutes the commencement of each of the seven claims of the patent in suit. For an understanding of this characterization, and the claims in which it appears, reference is permitted to the specifications, and the claims will be construed in connection with such specifications. Westinghouse v. Boyden Power Brake Company, 170 U.S. 537, 18 S.Ct. 707, 42 L.Ed. 1136.

Referring to the Letters Patent, we find in line 10, page 1, of the specifications, this language: "This invention relates to improvements in wheels * * * which will possess * * * all the advantages of a pneumatic-tired wheel * * *".

On page 4, lines 37 to 69 of the specifications, appears this language:

"* * I present a structure that, while eliminating friction between parts, will * * * take care of or absorb, and correspondingly relieve the body of the vehicle of the vibration and jar ordinarily expected to flow from shocks and strains to which the wheel is subjected * * *. The load is distributed remote from the center of the wheel * *. The wheel meets the requirements of the law of gravitation * * *. * * *. In the travel of a vehicle equipped with my wheels the force of the mo-

mentum is important in that it causes all of the centers or points of suspension to traverse a horizontal plane while permitting the rim to rise and restore itself to normal relation with other parts of the wheel in keeping with the obstructions encountered by the periphery of the wheel in a horizontal plane. This maintains traction at all times * * *."

Further on page 4, lines 105 to 116, inclusive: "It is to be understood that whereas, throughout these specifications and drawings, especial reference has been made to the object of supplanting the pneumatic tire, said invention is nevertheless useful, and I contemplate its employment in wheels provided, if desired, with pneumatic tires instead of those of the solid or cushion type. Where both my improved wheel structure and pneumatic tires are used, the ultimate effect on the vehicle and occupant thereof will be ·a smoothness in riding hitherto impossible of accomplishment."

█ It appears clear that the plaintiff's invention relates to an improvement in vehicular wheels, and to such wheels only. It discloses a wheel intended for use as a road wheel for motor vehicles. The primary purpose of the patent is stated to be that of making such a road wheel on which a hard rubber tire may be used, and by the use of the improvement, the characteristics of a pneumatic tire may be obtained. All through the specifications reference is made to a road wheel. The claims of the specifications refer to a wheel of "the character described in the specifications". The scope of every patent is limited to the invention described in the claims contained in it, read in the light of the specifications, and the patentee can claim nothing beyond that. Motion Picture Patents Co. v. Universal Film Mfg. Co., 243 U.S. 502, 510, 37 S.Ct. 416, 61 L.Ed. 871, L.R.A.1917E, 1187, Ann. Cas.1918A, 959. The specifications may be referred to to explain, but not to enlarge or expand, the claims set out in the patent. James R. Kearney Corp. v. Line Material Co., 8 Cir., 95 F.2d 299. See, also, Yale Lock Mfg. Co. v. Greenleaf, 117 U.S. 554, 6 S.Ct. 846, 29 L.Ed. 952.

The accused device can by no stretch of the imagination be called a road wheel. It is a flat, rotating body, but its periphery is not truly circular. It is rather of an oval shape. The outer rim portion never has contact with the ground, or with any other surface. It has no tread portion.

Friction of its periphery is absent. It is called a vibration damper. It is flexibly connected to an internal combustion engine crankshaft. The purpose of the vibration damper is to smooth out the torsional or twisting vibrations in the crankshaft. The crankshaft is incapable of lateral or radial movement to any perceptible degree. It is not intended to meet forces which tend to cause it to move in radial or lateral directions.

█ In short, the device complained of is not a road wheel. It does not, and is not intended to perform the same function as those of the patent in suit. It is not subject to the same lateral or radial forces which a road wheel must, in its operation, sustain. It has no secondary or auxiliary cushioning member, such as the patent in suit has. There is no tread portion. The point of attachment to the transmission is not the center of the device; it cannot be termed a hub. The periphery is not truly circular, as you find in a wheel. Neither is the cushioning of the accused device placed in the same manner and way as that of the wheel described in the patent. In the Court's opinion, it is impossible to read the claims of the patent in suit on the vibration damper, and where the offending apparatus does not have all the elements set out in the patent claims, there is no infringement. Seeger Refrigerator Co. v. Bohn Refrigerator Co. et al., 8 Cir., 52 F.2d 416; Maginn v. Diamond T. Motor Car Co., 7 Cir., 8 F.2d 609.

█ The plaintiff argues that his patent is within the rules laid down in Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, at page 63, 43 S.Ct. 322, 67 L.Ed. 523, where it was stated that a pioneer patent or one working a substantial improvement in the art is entitled to a broad construction. The difficulty with plaintiff's position is that he does not have a pioneer patent. He was not the first person to conceive and disclose a wheel comprising a hub and rim so flexibly connected as to permit of universal movement thereof relative to each other. Such inventions are shown in more than ten other patents, and are particularly and specifically described in the Ray patent, No. 6116, of 1874, and in the Hodge patent, No. 8526, of 1851. Plaintiff's patent did not work a substantial improvement in the art. If anything, it disclosed only a slight step forward, and is apparently on the borderline between mechanical change and mere invention. That be-

ing true, it cannot be given the broad scope intended in Eibel Process Co. v. Minnesota & Ontario Paper Co., supra.

The claims of the patent must be limited to the form of the apparatus disclosed (Honolulu Oil Corp. et al. v. Halliburton, et al., 59 S.Ct. 662, 83 L.Ed. 980), and infringement is not shown when the plaintiff is obliged to read his patent claims "so broadly that they entirely cease to represent the invention". James R. Kearney Corp. v. Line Material Co., supra [95 F.2d 302]. See Westinghouse v. Boyden Power Brake Co., supra.

The accused device does not infringe the claims of plaintiff's patent.