## BURNS *v.* MEYER.

1. A. held letters-patent for making side-saddle trees. The tree, composed of side-bars, cantle behind, and crook before, is first made, and the seat constructed separately on a rim and fastened to the tree by screws, resting on the crook, and on supports attached to the side-bars in the middle and at the rear. This construction, it was claimed, simplifies and cheapens the manufacture, and leaves a space for air under the seat. The claim is as follows: " As a new article of manufacture, a side-saddle tree, having the side-bars and seat made separate and then united, substantially as and for the purpose shown and specified." The side-saddle tree constructed according to the letters-patent subsequently granted to B. does not have the side-bars and seat made separate and then united. Tough strips of wood, steamed and bent to a proper shape, are attached to the tree, as a part thereof, forming side-rails for the seat; that on the right or off side extending from the cantle to the crook, and that on the left or near side, from the cantle to a point on the near side-bar some distance back of the crook. The seat is stretched over these strips or side-rails. *Held*, that the advantage of separate construction claimed by A. was not attained by B.'s letters-patent, and that the invention of the latter is not an infringement of A.'s letters-patent.
2. Courts should not by construction enlarge the claim which the Patent Office has admitted, and the patentee acquiesced in, beyond the fair interpretation of its terms.

APPEAL from the Circuit Court of the United States for the Eastern District of Missouri.

The facts are stated in the opinion of the court.

*Mr. Samuel S. Boyd* for the appellants.

No counsel appeared for the appellees.

MR. JUSTICE BRADLEY delivered the opinion of the court.

The only question in this case is, whether the defendants infringe certain letters-patent (No. 97,236) granted 23d of November, 1869, to John J. Grimsley and John Shelly, for an improved side-saddle tree alleged to have been invented by Shelly; which letters were afterwards assigned to the complainants.

The infringement alleged consists in making and using side-saddle trees according to a plan described in another patent granted to Orlando V. Flora, on the 9th of May, 1876, numbered 177,233. According to the complainants' patent, this tree, composed of side-bars, cantle behind, and crook before, is first made, and the seat is constructed separately on a properly

shaped rim, and is then fastened to the tree by screws, resting on the crook in front, and on supports attached to the side-bars in the middle and at the rear. This construction is claimed to simplify and cheapen the manufacture, and leave a space for air under the seat. The claim of the patent is as follows: —

" What I claim as my invention, and desire to secure by letters-patent is —

" As a new article of manufacture, a side-saddle tree, having the side-bars and seat made separate and then united, substantially as and for the purpose shown and specified."

The defendants' side-saddle tree, constructed according to Flora's patent, which is alleged to be an infringement, does not have " the side-bars and seat made separate and then united." On the contrary, tough strips of wood, steamed and bent to a proper shape, are attached to the tree, as a part thereof, forming side-rails for the seat; that on the right or off side extending from the cantle to the crook, and that on the left or near side extending from the cantle to a point on the near side-bar some distance back of the crook. The seat is stretched over these strips or side-rails. It is obvious that the seat, in this case, cannot possibly be constructed separately from the side-bars. They must be united in one construction, forming a complete tree. The advantage of separate construction which the plaintiffs claim for their patented tree is not attained by that of Flora. It is true that room is left for the admission of air under the seat; but that by itself is not claimed as the invention of Shelly.

It is well known that the terms of the claim in letters-patent are carefully scrutinized in the Patent Office. Over this part of the specification the chief contest generally arises. It defines what the office, after a full examination of previous inventions and the state of the art, determines the applicant is entitled to. The courts, therefore, should be careful not to enlarge, by construction, the claim which the Patent Office has admitted, and which the patentee has acquiesced in, beyond the fair interpretation of its terms.

We think there was no infringement.

*Decree affirmed.*