UNTERMEYER *v.* JEANNOT and others.

*(Circuit Court, S. D. New York.  June 6, 1884.)*

PATENT LAW—DESIGN—FIGURES IN RELIEF—PHOTOGRAPH.
    The prominent claim in a patent design being figures in relief, a photograph
    o the design, since it does not show the relief, does not sufficiently describe the
    design in the absence of a minute description in the specifications.

In Equity.
*Rowland Cox,* for orator.
*Birdseye, Cloyd & Bayless,* for defendants.

WHEELER, J.  This suit is brought upon design patent No. 12,485, dated September 20, 1881, and granted to the orator for a watch-case. The design consists in the representation of a locomotive engine and tender upon a railroad track, with ornamental plants in the foreground, the whole surrounded by a ring of dots and an ornamental border. There are two claims: one, for the engine and tender on the track, and ornamental plants; and the other, for the same, surrounded by the ring of dots and ornamental border. An accompanying photograph of a watch-case shows the style of locomotive, tender, and track, the form of the plants, the size and frequency of the dots, and the characteristics of the border; but none of these are described in the specification or claims, except by name. The engine and tender and some of the other parts are said to be shown in relief; and the alleged infringement shows the same in relief. There were watch-cases before having representations of locomotives and tenders on railroad tracks, surrounded by wreaths and ornamental borders and rings of dots, and engines with flowers in the foreground surrounded by scroll-work and borders, but none with such work in

relief, unless cases like the alleged infringement were made before, as the defendants' evidence tends to show. With these things in existence before, the orator could not have a valid patent for anything but his peculiar design as distinguished from the former designs. *Ry. Co.* v. *Sayles*, 97 U. S. 554. The alleged infringement has a line of fence-posts between the plants and railroad track; they are not surrounded by a row of dots, but are by an ornamental border. The design, therefore, is not exactly the orator's design. The form of the defendants' case, the view of the engine, and the workmanship are very much like the orator's. These similarities, in connection with the fact that the same parts in each are made in relief, bring the cases to near enough alike to lead a common observer, having the interest of a customer, to think they were the same when seen at different times. But the orator is not entitled to, and is not seeking, any relief on account of imitation of his goods or workmanship. Relief against infringement of his patent is all that he can properly or does ask here. If the photograph does not show parts in relief, the claims are neither of them for those parts in relief.

*Miller* v. *Smith*, 5 FED. REP. 359, is relied upon to show that representation in the photograph would be sufficient without description in the patent or claim. That case, as reported, however, does not appear to hold the photograph to be sufficient alone. The language of the opinion seems to imply that there was further description, and a claim accordingly.

The claims are the essential parts which the public are to look to and scrutinize to ascertain their rights, and must control. *Burns* v. *Meyer*, 100 U. S. 671. Taking out the raised features, and comparing the defendants' case with the orator's patent, instead of with the manufacture, and infringement will hardly appear. The design is not the orator's design, as patented, nor sufficiently like it to present the same substantial appearance to purchasers. The defendants, therefore, do not infringe.

Let there be a decree dismissing the bill of complaint, with costs.