POLSDORFER *et al. v.* ST. LOUIS WOODEN-WARE WORKS.[1]

*(Circuit Court, E. D. Missouri, E. D.* May 22, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—WASH-BOARDS.

A patent for a metallic rubbing-plate for wash-boards, having transverse rows of convex, spiral corrugations, alternately right and left handed, is not infringed by a plate having equidistant spear-head shaped corrugations, of which the lower ridges are higher than the upper ridges, and the upper arms are deeper than the lower arms, the form only, and not the idea, of a metal surface broken into protuberances, being new.

In Equity.

[1] Publication delayed by inability to obtain copy of opinion at time of delivery.

On final hearing of a bill by John H., Franklin, and Henry Polsdorfer against the St. Louis Wooden-Ware Works, to restrain the infringement of a patent.

*Thomas B. Hall*, for complainants.

*Dexter Tiffany* and *Leo Rassieur*, for defendant.

BREWER, J. This case is submitted on final hearing, and the question is between patents for improvements in wash-boards. In view of the many devices which have been manufactured and patented for wash-boards, it is obvious that neither party can be regarded as a pioneer in this field of invention. In the case of *Duff* v. *Pump Co.*, 107 U. S. 639, 2 Sup. Ct. Rep. 487, the supreme court, commenting upon another patent, earlier than either of those in controversy, for improvement in wash-boards, uses this language:

"The case is one where, in view of the state of the art, the invention must be restricted to the form shown and described by the patentee. In the field of wash-boards made of sheet metal, with the surface broken into protuberances formed of the body of the metal, so as to make a rasping surface, and to strengthen the metal by its form, and to provide channels for the water to run off, Todd was not a pioneer. He merely devised a new form to accomplish these results. *Railway Co.* v. *Sayles*, 97 U. S. 554. The defendant adopts another form. Under such circumstances the Todd patent cannot be extended so as to embrace the defendant's form. The latter is not a mere colorable departure from the form of Todd, but is a substantial departure. Those views are in accordance with those heretofore announced by this court in *Merrill* v. *Yeomans*, 94 U. S. 568; *Bridge Co.* v. *Iron Co.*, 95 U. S. 274, and *Burns* v. *Meyer*, 100 U. S. 671."

That which was true in reference to these earlier patents becomes more true with every additional change made by parties in the surface of wash-boards. Indeed, as the idea of parallel or irregular protuberances on the surface of a wash-board is old and familiar, it would seem that no mere change in the form of such protuberances could be considered as the product of the inventive skill. The number of changes in form which can be made is limitless, varying with the fancy or judgment of the maker, and to ascribe any such change to the exercise of inventive skill, that skill which is necessary to sustain a patent, strikes me as almost absurd. Be that as it may, in giving to any patentee the full protection to his patent, it must be limited most narrowly to the mere form, and any change in form, however trifling, does away with the idea of infringement. The claim of complainants' patent is as follows:

"What I claim as new, and desire to secure by letters patent, is the metallic rubbing-plate, B, having transverse rows of spiral corrugations, *a*, the direction of the spirals of the rows being alternately right and left handed, substantially as specified."

These corrugations are specified, as fully shown by reference to the drawings, and are described as being "arranged parallel to each other, in positions oblique to the length of the rows." "They are angular in cross-section, slightly S-shaped, and their crests or profiles are regularly convex," and are shown by the drawings to run from valley to valley of

the board. "The corrugations in each row, taken together, present the appearance of a screw, the threads of which are represented by the said corrugations. The spirals or twists of the rows of corrugations are alternately right and left handed; that is, if the top row is right-handed, the row next to it is left-handed, this alternation being continued to the bottom. The object of this is to prevent the article being rubbed from being carried against the side rail of the frame and injuring the knuckles of the operator." While defendant's patent describes its invention as follows:

"(1) In a wash-board, the metallic rubbing-plate, D, secured to the back-board, C, and provided with the equidistant transverse rows of equidistant spear-head shaped corrugations, of which the lower ridges, F, are higher than the upper ridges, *e*, and the spear-head shaped depressions situated between said corrugations, and having their upper arms, E, considerably deeper than their lower arms, *f*, so that the former will act as soap-pockets, and the latter as escape-channels for the soap-water, when the board is in use, substantially as specified."

Looking at the two boards as they were presented, there is obviously a difference in form. I was much interested in the argument of complainants' counsel, and the efforts he made by photographs and models to show how closely alike were the two forms, and how slight the differences between them, as well as how easily one could be changed into the other. If I could look upon complainants as a pioneer in this field of invention, and entitled to the broad protection of pioneers, I might be inclined to sustain the allegation of infringement; but, considering the state of the art, and following the rule which I think applies so irresistibly in this line of invention, I am satisfied that defendant's wash-board is of a form different from that of complainants', and therefore must find against any infringement. Defendant is entitled to a decree dismissing the bill.