## GERARD v. DIEBOLD SAFE & LOCK CO.

### (Circuit Court of Appeals, Fifth Circuit.    February 20, 1893.)

### No. 60.

PATENTS FOR INVENTIONS—CLAIM—INFRINGEMENT.

Letters patent No. 246,748, issued September 6, 1881, to Alonzo Gerard, for a combination consisting of "an improvement in burglar-proof safes," which do not claim any improvement in the lock, but admit that "any suitable locking device" may be used, are not infringed by the making and selling of locks for jail cages similar to those used in the patented safes. 48 Fed. Rep. 380, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

In Equity. Bill by Alonzo Gerard against the Diebold Safe & Lock Company for infringement of letters patent. A demurrer to the bill was sustained, and the bill dismissed. See 48 Fed. Rep. 380, where a full statement of the facts will be found. Complainant appeals. Affirmed.

Statement by LOCKE, District Judge:

The complainant in the court below, appellant here, filed his bill January 28, 1891, alleging, in substance, that he was the original inventor of a new and useful improvement in burglar-proof safe locks, and had upon due application received letters patent No. 246,748 for the same; that since the granting of said letters patent the defendant company has caused to be made and sold, and had used in the construction of locks in jail cages, the invention and improvement described and claimed in said letters patent, thereby infringing complainant's patent, greatly to his damage, and praying an injunction and an accounting and computation of damages, and judgment therefor. The defendant demurred to complainant's bill, and upon hearing the demurrer was sustained, and the bill dismissed. From that judgment this appeal was taken.

Clarence H. Miller, (Franz Fiset, on the brief,) for appellant.

H. F. Ring, (Goldthwaite, Ewing, and H. F. Ring, on the brief,) for appellee.

Before McCORMICK, Circuit Judge, and LOCKE and BILLINGS, District Judges.

LOCKE, District Judge, (after stating the facts.) In the complainant's bill, he asks an injunction and damages under an invention and improvement in burglar-proof safe locks; but, when an examination is had of the letters patent presented in support of the claim, it appears that the patent was granted for an improvement in burglar-proof safes. In the court below it was held, in an extended opinion, after a careful examination of the patent, that the patent was in no way for an improvement in burglar-proof safe locks, as is alleged in complainant's bill, but that the safe was an important and necessary element in the combination, which would be required, to show an infringement; and with the views therein expressed we concur.

The specifications filed in the application for a patent provide for an improvement in burglar-proof safes, and state directly, in terms, that "this invention relates to burglar-proof safes, the object being to provide a safe with nonexplosive seams," and exhibit how a sys-

tem of interlocking projections around the door of the safe, and sliding hinges, accomplishes this result. There is no claim as to an improvement in a lock, but, on the other hand, the specifications admit that "any suitable locking device may be operated to throw a bolt on the inner face of the door." The letters patent follow the specifications and claim of the application, and are granted "for alleged new and useful improvement in burglar-proof safes."

The only question is whether we should consider, notwithstanding the language of the specifications, claim, and letters patent, that complainant is entitled to protection from what might upon examination be found to be a similar device, regardless of its connection with a burglar-proof safe. In doing so it would be necessary for us to assume that such similar device had never been used in any other connection except with a safe, or enter upon an extensive examination of that question, which is the special and peculiar province of the patent office.

In Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274, the supreme court says:

> "The courts have, no right to enlarge a patent beyond the scope of its claim as allowed by the patent office, or the appellate tribunal to which contested applications are referred. When the terms of a claim in a patent are clear and distinct, as they always should be, the patentee, in a suit brought upon the patent, is bound by it. * * * He can claim nothing beyond it."

In McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. Rep. 76, the rights of the patentee, under his claim and patent, are fully discussed, and the doctrine well established that he is bound by the language there used, and recognized and granted in the letters patent, and he is presumed to have abandoned the residue to the public.

In this case there was no claim for a lock or locking device, but for an improvement in safes; and it would unquestionably be extending the terms of the patent to afford protection against infringement in the use of a lock omitting the principal element mentioned in the specifications and claim. We find that the allegations of the bill are not supported by the grant of the letters patent filed in support thereof, and the judgment of the court below must be affirmed, with costs, and it is so ordered.