GERARD v. DIEBOLD SAFE & LOCK CO.

(Circuit Court of Appeals, Fifth Circuit. April 10, 1894.)

No. 60.

1. CONSTRUCTION OF PATENTS—BURGLAR-PROOF SAFES.

It is the duty of the inventor to use language sufficiently plain and explicit to denote clearly what he asks for, and a patent which, following the language of the application, is granted for "an improvement in burglar-

proof safes," cannot be construed to cover a locking device used in a jail cage.   4 C. C. A. 644, 54 Fed. 889, and 48 Fed. 380, reaffirmed.

2. SAME.
    The Gerard patent No. 246,748, for "an improvement in burglar-proof safes," construed, and *held* not infringed.

This was a suit by Alonzo Gerard against the Diebold Safe & Lock Company for infringement of letters patent No. 246,748, granted September 6, 1881, to complainant for "an improvement in burglar-proof safes." The circuit court dismissed the bill on demurrer (48 Fed. 380), and complainant appealed. On February 20, 1893, this court affirmed the decree (4 C. C. A. 644, 54 Fed. 889), but a rehearing was granted.

Clarence Miller, for appellant.
George F. Ring, for appellee.

Before McCORMICK, Circuit Judge, and LOCKE, District Judge.

LOCKE, District Judge, delivered the opinion of the court.
This appeal has been once heard and decided (4 C. C. A. 644, 54 Fed. 889), and a rehearing granted. Upon such rehearing, and a careful consideration of the argument and examination of the authorities cited, we fail to find any reasons for changing our former conclusion. In every patent the language of the claim, specifications, and grant should be so clear, distinct, and positive as to leave no question of what was asked and granted, nor should it require a careful, nice, and labored investigation to ascertain whether one may not have trespassed upon the rights of the patentee. It is the duty of an inventor to use language sufficiently plain and explicit in his application to denote clearly what he asks for, and where he fails to do so, and the language of the grant follows that of the application, and is thereby misleading to the general public, he should gain no profit from such defective statement of that to which he considers he is entitled. When the language of both application and grant is so positively and directly declaratory of what was asked and granted as we find it in this case, we consider that it would be going beyond a safe rule to extend the operation and protection of the patent further. If appellant had originally made application for an "improvement in a locking device for safes, jails, and other similar structures," which he now insists upon claiming that his invention covers, the public would have had notice of his claim, but the language conveyed no such idea. In White v. Dunbar, 119 U. S. 47, 7 Sup. Ct. 72, Mr. Justice Bradley, speaking for the court, says:

"Some persons seem to suppose that a claim in a patent is like a nose of wax, which may be turned and twisted in any direction, by merely referring to the specifications, so as to make it include something more than, or something different from, what its words express. The context may, undoubtedly, be resorted to, and often is resorted to, for the purpose of better understanding the meaning of the claim, but not for the purpose of changing it, and making it different from what it is. The claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is; and it is unjust to the public, as well as evasion of law, to construe it in a manner different from the plain import of its terms."

This we accept as the correct law by which we must be governed, and we consider that, if we should declare that a peculiarity in a locking device for a jail cage was an improvement in a burglar-proof safe, we should be construing the patent in a manner different from the plain import of its terms, and thereby doing an injustice to the public. Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274; Vance v. Campbell, 1 Black, 427; Burns v. Meyer, 100 U. S. 671; Railroad Co. v. Mellon, 104 U. S. 112; McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76.

Ordered, that the former judgment of this court and the judgment of the court below be affirmed, with costs.