DURAND et al. v. SCHULZE et al.

(Circuit Court of Appeals, Third Circuit.  May 24, 1894.)

No. 21.

1. PATENTS—INTERPRETATION OF CLAIMS—PROCESS AND PRODUCT.
   A patent may cover both a process and its product; but, if the claim of the patentee is restricted to the process, the patent cannot be made to include the product by reference to other portions of the specifications. 60 Fed. 392, affirmed.

2. SAME.
   The Koechlin patent No. 253,371, for manufacture of dye stuffs, construed, and *held* to cover the process alone, and not the product.  60 Fed. 392, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit by L. Durand, Huguenin & Co. against Green, Schultz-Berge & Koechlin, for infringement of a patent.  The circuit court dismissed the bill (60 Fed. 392).  Complainants appeal.

Livingston Gifford, for appellants.

Edward N. Dickerson, for appellees.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

WALES, District Judge.  This is a suit brought for infringement of letters patent No. 253,371, dated February 14, 1882, for manufacture of colors or dye stuffs, granted to Horace Koechlin, and by him assigned to the appellants.  The specific charge against the defendants is that they imported, used, and sold coloring matter embodying and containing the invention described and claimed in the patent.  The defendants denied infringement, alleging that the patent was for a process only (which they did not use), and not for a product.  The circuit court sustained this defense, and dismissed the bill of the complainants.  The claim of the patent reads as follows:

"I claim the improvement in the manufacture of coloring matter consisting in the production of violet coloring matters by the action of nitroso derivatives of the tertiary amines on tannin, or equivalent reaction, substantially as described."

As it was not proved that the defendants had used the process, the only question that was considered and decided by the circuit court was whether the claim covered both the process and the product.  One and the same patent may cover both a process and its product, but, if the patentee choose to restrict himself to one by his claim, he cannot include the other also by a reference to other parts of his specification.  It is well known that patentees, generally, make a much broader statement of the novelty of their invention in the body of the specification than they limit themselves to in the claim, which latter is held to be the distinctive feature of a patent.  By the act of congress of 1836, the applicant for a patent was, for the first time, required to "particularly specify and point out

the part, improvement or combination which he claims as his own invention or discovery." In Merrill v. Yeomans, 94 U. S. 568, the court said:

"In practice, this allegation of the distinct matters for which he (the applicant) claims a patent comes at the close of the schedule or specification. * * * This distinct and formal claim is therefore of primary importance in the effort to ascertain precisely what it is that is patented."

In Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 278, it was said by the court:

"When the terms of a claim in a patent are clear and distinct (as they always should be), the patentee, in a suit brought upon a patent, is bound by it," citing Merrill v. Yeomans.

By the act of 1870, under which the patent in suit was issued, the requirement in regard to the claim is still more strict, the language of the act being that the applicant shall "particularly point out and distinctly claim the part," etc. In Mahn v. Harwood, 112 U. S. 360, 5 Sup. Ct. 174, and 6 Sup. Ct. 451, the court said:

"The taking out of a patent which has (as the law requires it to have) a specific claim is notice to all the world, of the most public and solemn kind, that all those parts of the art, machine, or manufacture set out and described in the specification, and not embraced in such specific claim, are not claimed by the patentee,—at least, not claimed in and by that patent. If he has a distinct patent for other parts, or has made application therefor, or has reserved the right to make such application, that is another matter not affecting the patent in question. But, so far as that patent is concerned, the claim actually made operates in law as a disclaimer of what is not claimed, and of all this the law charges the patentee with the fullest notice. * * * Of course, what is not claimed is public property."

Again, in Burns v. Meyer, 100 U. S. 671, the court said, in reference to the claim of a patent:

"It defines what [the patent office], after a full examination of previous inventions and the state of the art, determines the applicant is entitled to. The courts, therefore, should be careful not to enlarge, by construction, the claim which the patent office has admitted, and which the patentee has acquiesced in, beyond a fair interpretation of its terms."

In White v. Dunbar, 119 U. S. 51, 7 Sup. Ct. 72, Mr. Justice Bradley, speaking for the court, said:

"The context may undoubtedly be resorted to for the purpose of better understanding the meaning of the claim; but not for the purpose of changing it and making it different from what it is. The claim is a statutory requirement, prescribed for the very purpose of making the patentee define precisely what his invention is; and it is unjust to the public, as well as evasive of the law, to construe it in a manner different from the plain import of its terms."

The above extracts from adjudged cases show how closely a patentee is held to his claim in describing the invention for which he has sought and obtained his patent, and exhibit a marked unanimity of judicial opinions in relation to this provision of the patent law. In the apt words of Judge Dallas, in rendering the decree of the circuit court (60 Fed. 392), the law prescribes "that the claim must be taken as defining precisely what the invention covered by the patent is, and, hence, the true question is, not what the patentee might have claimed, but what he has claimed; the latter, not the former, being made the measure of his rights." Koechlin might

have claimed a product, if his description of his invention be true. He says: "Other coloring matter can be made by similar reactions. The product, as well as the method of producing the same, constitutes a part of the invention, which comprises, therefore, the preparation and the coloring matters above mentioned;" but, when he comes to his claim, he limits his invention to the method by which the coloring matters are to be produced, namely, "by the action of nitroso derivatives," etc. Disconnected from what precedes it, there is no hint in the claim that the "violet coloring matters" are a new production, which has been invented or discovered by the patentee; and from this omission to claim the product, as well as the method of making it, the inference is reasonable that he would be satisfied with a patent for the process. Other portions of the specifications may, as was said in White v. Dunbar, be resorted to, "for the purpose of better understanding the meaning of the claim; but not for the purpose of changing it and making it different from what it is." The words "manufacture" and "production," as used in the claim, are not the names of things but of acts. The claim indicates the mode and manner of doing certain things, or of making certain combinations, in order to produce certain results, and is for the improved process of obtaining those results, i. e. in manufacturing and producing them. It is not stated that violet coloring matters have never before been produced, or that they could not be produced by other processes than those described in the claim. The claim is for "the improvement in the manufacture of coloring matters," and describes the improvement as "consisting in the production of coloring matters by the action of nitroso derivatives," etc. The improvement, that is, the process, is claimed as new, but not the product. The contention that, in the Koechlin patent, the product inheres in the process, and that, therefore, the claim of the one necessarily includes the other, cannot be sustained on principle or authority. The claim is single, and is either for a process or a product; otherwise, if the claim is divisible, one part being for a process, and another part for a product, it would be a double claim, and as such in danger of being held void for ambiguity. The applicant for a patent may separately claim both a process and a product, but cannot properly claim them in one claim. They are the proper subjects of separate and distinct claims. Merrill v. Yeomans, 1 Ban. & A. 55, Fed. Cas. No. 9,472; Goodyear v. Rubber Co., 2 Cliff. 371, Fed. Cas. No. 5,583. The decree of the circuit court is affirmed.