FERRIS et al. v. BATCHELLER et al.

(Circuit Court, S. D. New York. August 21, 1895.)

1. PATENTS—INVENTION.
    The substitution of cord or tape for thread, for the purpose of flexibly connecting flat buttons to corsets and other similar articles, which results in carrying forward the old ideas in the same way, but with better results, involves no patentable invention. Trimmer Co. v. Stevens, 11 Sup. Ct. 150, 137 U. S. 435, applied.

2. SAME—BUTTON ATTACHMENT FOR CORSETS.
    The Ferris patent, No. 345,037, for a flexible button attachment for corsets and similar articles, is void for want of invention.

3. SAME—PROCESS AND PRODUCT PATENTS.
    A patent was issued for "a method of working button holes," and the specifications declared that the invention consisted in "the mode of making button holes by arranging a series of detached pieces," etc. The claims covered, respectively, (1) "the mode of making button holes, herein shown and described," etc.; and (2) "in the mode herein described of making button holes," etc. Held, that this was a patent for a process only, and could not be construed so as to cover the product.

4. SAME.
    The Ferris patent, No. 329,635, for a method of working button holes, is a process patent only, and does not cover the product.

This was a suit in equity by Sherwood Ferris and others against George C. Batcheller and others for alleged infringement of two patents.

Birdseye, Cloyde & Bayliss, for complainants.
S. D. Cozzens, for defendants.

TOWNSEND, District Judge. The bill herein prays for an injunction and accounting by reason of the alleged infringement of letters patent No. 329,635, dated November 3, 1885, and No. 345,037, dated July 6, 1886, both granted to Sherwood B. Ferris, and assigned to the complainant copartnership. The defenses are denial of infringement, anticipation, and lack of patentable novelty. Patent No. 345,037 claims a form of flexible button attachment for corsets and similar articles. The only novel element claimed is a tape or

flexible strip "passed forward and backward successively through the center portions of the buttons, and secured to the garment at their terminal portions, under cover and inclosure, by a seamed portion of the garment." The patent is for a garment to which the buttons are flexibly connected by means of tapes inclosed in a seam, instead of by ordinary sewing. Ever since Adam and Eve "sewed fig leaves together, and made themselves aprons," the art of fastening garments has been receiving contributions of inventive thought and mechanical skill to mitigate the rigors of the original curse. With the field thus crowded, there would seem to be little room for invention, and none for such a narrow improvement as that of the patent in suit. But, as the record fails to disclose any prior conception of this precise arrangement, and as it possesses some slight advantages in flexibility, adjustability, and economy, it is necessary to inquire whether there is patentable novelty in such an adaptation of prior devices to corsets and corset buttons. The disclaimer of the patent admits that flexible button fastenings are old. The prior patent, No. 204,435, granted to Jerome B. Stevens, shows that an elastic tape, passed through the shank of a shoe button, and fastened under a seam, was old. The court, taking judicial notice of matters of common knowledge, recalls that ordinary cords or tapes have been flexibly sewed on to gloves and shoes for the past 20 years. The essential element of the improved attachment is in its use with a flat button on a corset waist, whereby it is said to be more easily buttoned and unbuttoned, and to lie flat under pressure. I do not find in the claimed improvement any evidence of the exercise of the inventive faculty. There is no invention in the shape of the button, for only a flat button would be suitable for such a garment. The substitution of cord or tape for thread, if not taught in the prior devices, which results in carrying forward the old ideas in the same way, but with better results, will not be sufficient to sustain a patent. Trimmer Co. v. Stevens, 137 U. S. 435, 11 Sup. Ct. 150. I think the patent must be held void for want of invention.

It will be necessary to consider only one of the defenses to patent No. 329,635. Two of the defendants have testified that their firm are corset manufacturers; that they do not make corset waists of any kind; that they purchased the infringing waists from the manufacturers, the Lyon Waist Company; and that immediately upon receipt of notice of the claim of infringement they discontinued the sale of the article. This patent is for a "method of working button holes." The patentee declares that his "invention consists in the mode of making button holes by arranging a series of detached pieces of fabric at suitable distances apart to form the sides of the button holes, and uniting said detached pieces by a binder," applied in a certain described manner. He then describes the mode of making said button-hole strips, and claims, in the first claim, "the mode of making button holes herein shown and described," etc., and, in the second claim, "in the mode herein described of making button holes, first arranging a series of detached pieces of fabric," etc. This is clearly a patent for a method or process. Counsel for complainant contends that as courts, where it is

possible, will endeavor to so interpret a patent as to protect the actual inventor against an infringer, this patent should be so construed as to embrace also the product. The cases cited by him in support of this contention show that it is only possible to thus change the express language of the claims when a consideration of the whole instrument leaves no doubt as to the intention of the patentee to embrace distinct elements therein. Here, as it is clear from the language used that the patentee claimed a process, and nothing else, he must be strictly confined to the invention described and claimed. Durand v. Green, 17 U. S. App. 620, 10 C. C. A. 97, and 61 Fed. 819. The adoption of the construction contended for by counsel for complainant would do violence to the language of both the specification and claims. It would operate to extend the scope of the grant beyond that given to it by the patent office, and would inflict the penalties of willful infringement upon an innocent purchaser. The question here is not one of construction, but of damages; not of validity of a patent, but of the commission of a trespass. In the absence of evidence of notice, or of inequitable conduct on the part of the defendant, it should not be called upon to answer in a court of equity for the violation of a right which the complainant has failed either to assert or claim. Let the bill be dismissed.