THOMPSON v. SECOND AVE. TRACTION CO. et al.

(Circuit Court, W. D. Pennsylvania. July 13, 1898.)

No. 10.

1. PATENTS—INFRINGEMENT—ROLLER COASTERS.

A claim for a roller-coasting structure with parallel tracks, and having the starting and terminal stations "at the same elevation," and switching tracks for transferring the car from the outgoing to the return track, is not infringed by a structure in which the two stations are at different elevations, and the car is transferred by transfer tables.

2. SAME.

The Thompson patent, No. 310,966, for a roller-coasting structure, construed, and held not infringed.

This was a suit in equity by La Marcus A. Thompson against the Second Avenue Traction Company and James A. Griffiths for alleged infringement of a patent.

A. M. Neeper, for complainant.

J. Walter Douglass, Henry E. Everding, and Marcus W. Acheson, Jr., for defendants.

BUFFINGTON, District Judge. This bill is filed by La Marcus A. Thompson, owner of letters patent No. 310,966, issued January 20, 1885, to him for a roller-coasting structure, against the Second Avenue Traction Company and James A. Griffiths. Infringement is alleged of the first claim, which is:

"In a coasting structure, the combination with the tracks. B, B', running parallel with each other, and having the starting and terminal stations at

the same elevation, of the switch tracks, E, F, whereby the car reaching the terminus on the outgoing track is transferred to the return track, and back again to the first track for another trip, substantially as described."

The defenses are invalidity of the patent and noninfringement. The view we take of the latter question renders discussion of the former needless.

The elements of the claim are—First, the tracks, B, B', running parallel with each other, and having the starting and terminal stations at the same elevation; second, the switch tracks, E and F. The claim reciting that these elements are substantially as described, we turn to the specification for such definition. Brake Co. v. Westinghouse, 170 U. S. 537, 18 Sup. Ct. 707. Novelty is alleged to consist in "certain novel features in the construction and arrangement." The drawings show a double-track roller-coasting structure, "both ends of the track starting at the same elevation, the object being to have each car make a round trip; that is, going out on one track and returning on the other." The specification expressly recites that "both ends of the tracks are at the same height." Without going into details, it is sufficient to say that in the specification the terminals of the tracks are explicitly described as of the same height, and this same specific and limiting description is carried into the claim. These limitations, self-imposed by the patentee in his description, and embodied by the office in the claim granted, it is the duty of the court to duly regard. As Mr. Justice Bradley said in Burns v. Meyer, 100 U. S. 672:

"It is well known that the terms of the claim in letters patent are carefully scrutinized in the patent office. Over this part of the specification the contest generally arises. It defines what the office, after a full examination of the previous inventions and the state of the art, determines the applicant is entitled to. The court, therefore, should be careful not to enlarge, by construction, the claim which the patent office has admitted, and in which the patentee has acquiesced, beyond the fair interpretation of its terms."

It is clear, therefore, from the patent itself, that this claim does not and should not cover a structure where the starting and terminal stations are not at the same elevation. Resort to the file wrapper, and an examination of the prior art confirm such construction. In the office the patent to Taylor, No. 128,674, of July 2, 1872, was cited against the claim now in question as embodying the same structure, save that a switch was substituted for a transfer table. To meet this objection, the patentee by his counsel called attention to the fact that "none of the references showed a device having both platforms on the same plane." The Taylor patent shows two parallel, undulating tracks, the transfer platform lower than the starting one, and transfer tables instead of switches. If, therefore, the present claim is to be construed to cover a structure where the transfer platform is lower than the starting one, and where the transfer is made by a table, then such claim is unquestionably anticipated by Taylor, and the patent void. To save the Thompson patent, it is therefore necessary to construe the claim as restricted to the specific structure described and claimed. Thus construed, infringement is not shown. The starting and transfer platforms of the Calhoun Park structure are not at the same elevation, and these stations are equipped with

transfer tables, and not with the switches of the claim in question. If the difference of that structure from the Thompson device in elevation and means of track change be slight, it is to be remembered that it is the same difference as that between the earlier patent of Taylor and that of Thompson, and that on this narrow remove or difference the Thompson patent rests for its validity. Such being the case, the difference suffices to relieve the respondents of the charge of infringement. Let a decree be drawn dismissing the bill.