RYAN v. RUNYON et al.

(Circuit Court of Appeals, Third Circuit. May 4, 1899.)

No. 4, March Term.

1. PATENTS—INFRINGEMENT—SPRING MATTRESSES.
    A patent for an improved spring mattress made in two parts, and in which a conspicuous feature is the manner of hinging the two sections together by means of a continuous unbroken woven-wire facing, free from the ridge or hard unyielding hinge piece found in other hinged mattresses, is not infringed by a mattress in which the two sections have a central longitudinal iron brace or tie rod, which also acts as a hinge rod, running through the upper facing or web of the mattress from end to end.

2. SAME.
    A patent for a bed bottom, in which the novelty consists altogether in connecting the ends of the transverse stiffening rods or strips to the side edges of the woven-wire fabric, is not infringed by a mattress in which there is no such connection, and which has its transverse tie wires attached at their outer ends to the frame.

3. SAME.
    The Gail patent, No. 399,867, for an improvement in woven-wire mattresses or bed bottoms, construed, as limited by the prior state of the art to the specific form shown and described, and held not infringed.

4. SAME.
    The Ryan patent, No. 403,143, relating to woven-wire mattresses or bed bottoms, construed, as limited by the prior state of the art to the specific constructions shown, and held not infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Stephen J. Cox, for appellant.

C. Godfrey Patterson, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and BUFFING-TON, District Judge.

ACHESON, Circuit Judge. This bill charges the defendants with the infringement of two letters patent,—one of them being No. 399,-867, dated March 19, 1889, granted to Daniel H. Gail and John F. Gail, and the other of them being No. 403,143, dated May 14, 1889, granted to James B. Ryan. Each of the patents in suit relates to woven-wire mattresses or bed bottoms. It appears as well by the general proofs in the case as from the specifications themselves that these patentees were improvers in an old art. Manifestly neither of the patents is for a primary invention. In each instance patent-ability may be conceded. Nevertheless, these inventions, by reason of the state of the prior art, belong to that class in which the patentee is to be restricted to the specific form of improvement shown and de-scribed by him. Railway Co. v. Sayles, 97 U. S. 554; Duff v. Pump Co., 107 U. S. 636, 2 Sup. Ct. 487. The distinguishing feature of the invention of the patent first above cited (No. 399,867) is thus clear-ly set forth in a written communication found in the file wrapper from the applicant's solicitor to the commissioner of patents, in an-swer to adverse citations of prior patents referred to by the office as anticipatory:

"His invention consists in the manner of hinging the two sections of a spring mattress by means of a continuous unbroken woven-wire facing, which not only presents an unbroken surface from side to side, as well as from end to. end, of the mattress, but in itself forms a hinged connection between the two folding sections free from the ridge or hard unyielding hinge piece found in other hinged mattresses. The perfect smoothness and uniformity of bear-ing surface of a single mattress supported upon spiral springs is thus secured, with the convenience attending a mattress which is hinged to double and fold over upon itself, and such a combination is not found in the references."

The specification of the patent gives great prominence to this fea-ture of the improvement, namely, the unbroken woven-wire facing. Thus it states:

"The improved double mattress is constructed of an upper facing or section, A, which is made to extend in an unbroken sheet from side to side of the bed, and of two longitudinal lower sections hinged together lengthwise by means of the upper section, to which they are attached." Again: "The unbroken upper facing or section, A, of the woven wire is stretched upon two metallic frames, B B, each of which is formed of a single iron bar bent to inclose three sides of a rectangle, the fourth side being left open." And still again: "The two frames, B B, are placed so as to bring their open sides opposite each other at the middle of the woven-wire sheet, A, at which point the ends of the wire frames. B B, are bent inward, and enter adjacent coils of the woven web, a, as shown in Fig. 1, which thus becomes a hinge for said frames, B B, so that they may fold over on said middle line, e c, one upon the other."

Now, the defendants' mattress does not have the unbroken woven-wire facing of the patent. That distinctive feature of the Gail in-vention is entirely wanting in the defendants' bed bottom. On the

contrary, a central longitudinal iron brace or tie rod, which also acts as a hinge rod, runs through the upper facing or woven web of the defendants' mattress from end to end. The advantages which the patentees describe and claim for their mattress are not attained by the defendants. In this respect the case is like that of Burns v. Meyer, 100 U. S. 671, where it was held that there was no infringement. We agree with the circuit court that these two mattresses or bed bottoms are materially different, and that the defendants do not infringe the Gail patent.

We concur, also, in the conclusion of the court below with respect to the other patent sued on,—No. 403,143. The claim of this patent alleged to be infringed is the first, which is as follows:

"(1) In a bed bottom composed of a frame and a woven-wire fabric, the combination, with such fabric, of stiffening rods or strips passed transversely through its meshes, and having their ends connected to the side edges of the fabric, substantially as described."

The novelty of this claim consists altogether in connecting the ends of the transverse stiffening rods or strips to the side edges of the woven-wire fabric. The defendants, however, do not make such connection. The transverse tie wires in their bed bottom are attached at their outer ends to the frame. Therefore the court was right in holding that there was no infringement of this patent. We find no error in this record, and hence the decree of the circuit court is affirmed.