# MAGINN v. DIAMOND T. MOTOR CAR CO.

(Circuit Court of Appeals, Seventh Circuit. August 21, 1925.)

No. 3494.

**Patents** ⊜⊃328—982,217, for car wheel with metal tires, held not infringed by wheels with rubber tires for use on automobile truck.

Maginn patent, No. 982,217, for flexible car wheel with metal tires, designed to run on metal rails, *held* not infringed by wheels having rubber tires for use on automobile truck running over ordinary road.

Appeal from the District Court of the United States, for the Eastern Division of the Northern District of Illinois.

Suit by Madison Maginn against the Diamond T. Motor Car Company. Decree for defendant, and plaintiff appeals. Affirmed.

Max W. Zabel and Winfield S. Williams, both of Chicago, Ill., for appellant.

Edward N. Pagelsen, of Detroit, Mich., for appellee.

Before ALSCHULER and ANDERSON, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge. The appeal is from a decree in favor of appellee in an action for infringement of claims 1, 3, and 5 of appellant's United States patent No. 982,217, January 17, 1911, for a "flexible car wheel." The claims are:

"1. In a flexible car wheel, the combination, of a central hub portion, and an outer rim portion, arranged with an annular recess or opening between said hub portion and said rim portion, flexible material, arranged in said annular recess, non-sound conducting material, arranged upon the sides of the flexible car wheel, substantially as and for the purposes specified."

"3. In a flexible car wheel, the combination, of a hub section, and a rim section, flexible material, interposed between said sections, a side or flange extension of the rim section, arranged for operative contact with the hub section, for limiting the movement of the rim section, with the hub section, substantially as and for the purposes specified."

"5. In a flexible car wheel, the combination, of a hub section, and a rim section, flexible material interposed between said sections, a follower plate, provided with a contact bearing surface, engaging with the hub section, for supporting the outer rim section, when any excess load or strain is applied to the wheel, forming a solid like wheel under these conditions, substantially as and for the purposes specified."

The alleged infringing wheels have rubber tires, for use on automobile trucks running over ordinary roads. The patent is manifestly directed to car wheels, with metal tires designed to run on metal rails. One of the main objects of the patent is to prevent the noise incident to such rail traffic, through the interposition of a "non-sound conducting material" in the wheel, between its rim and its hub. This element of noise, so objectionable in rail traffic, is hardly a problem in the rubber-tired vehicle designed for the usual road travel, since, in such, sound-deadening material is in direct contact with the road itself. The sound-deadening element in claim 1 ties that claim inseparably to the railroad art, wherein the claim may have merit, but does not admit of its application to rubber-tired vehicles for road traffic, for which the element of non-sound conducting material in this combination claim would have no utility.

Claims 3 and 5 are directed to the element of annular metal flanges bolted in the outer and inner sides of the rim portion, and of the hub portion respectively, in such relation that the resilient substance interposed between the rim and the hub portion normally holds them apart, the flanges preventing the resilient element from crushing under unusual loads through the contacting of the flanges with each other or application of such load. We think it abundantly appears from the evidence that in the operation of appellee's wheel there would be no such contact, and that such contact is not within the purview of its construction, and that the metal flanges there serve a purpose quite different from that in claims 3 and 5.

The experimental test applied to appellee's wheel does not aid the contention of infringement. Upon one of the wheels there was placed an arrangement of powerful bolts and plates for drawing together the rim and hub parts to learn whether the opposite edges of the flanges could thus be brought into contact. A long wrench was employed, and by the continuous application of the equivalent of many tons of compression, contact was obtained, except as some of the intervening rubber was forced out and held between the flanges. The rubber tire of the wheel was removed before the pressure was applied; otherwise, no doubt, the tremendous force would have crushed the rubber tire. Such was the resistance of the wheel to this extraordinary application of force that the hub portion became more or less cracked and separated. It is evident that in the use, normal or abnormal, of appellee's wheel, it would not be subjected to anywhere near the burden or strain which was thus experimentally applied. The question of infringement cannot fairly be thus tested.

We believe the District Court was correct in its conclusion that appellee's wheel, which is the subject-matter of the suit, does not infringe claims 3 and 5, and likewise in concluding that claim 1, if applied to the automobile truck art, would be invalid.

The decree of the District Court is affirmed.